**IN THE COURT OF APPEALS OF IOWA**

No. 19-1041
Filed October 9, 2019

**IN THE INTEREST OF J.G. and A.G.,**
**Minor Children,**

**C.G., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Winnebago County, Karen Kaufman

Salic, District Associate Judge.

A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**

Jane M. Wright, Forest City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Carrie Jean Rodriguez of Garland & Rodriguez, Garner, attorney and

guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

This case focuses on two children, A.G., born April 2009, and J.G., born October 2018. But we must first discuss a previous termination that occurred before either A.G. or J.G. were born. In 2007, the mother voluntarily agreed to termination of her parental rights to her oldest child. Concerns in that case included the mother's substance abuse.

Fast-forward to October 2018. Just a week after giving birth to J.G., the mother suffered an overdose of methamphetamine while traveling in a vehicle with A.G. and J.G. She was hospitalized for more than a week. The children were placed in foster care.

Although numerous services were provided to the mother, she has shown little progress. She missed multiple drug tests. And she failed to maintain consistent visitation and contact with her children. Ultimately, the juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(g) (2019) as to A.G. and Iowa Code section 232.116(1)(h) as to J.G.[1] The mother appeals.[2]

The mother does not raise any claims under our traditional three-part analysis. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018). Instead, she argues: (1) Iowa Code section 232.116(1)(g) violates her constitutional rights because it treats prior terminations from Iowa courts differently from those from other jurisdictions, (2) the State may not admit a prior termination order unless the

---

[1] The mother does not raise any claims pertaining to Iowa Code section 232.116(1)(h). We find she has waived any claim concerning J.G.
[2] The father was originally a party to this case but is now deceased. His parental rights are not at issue in this appeal.

court takes judicial notice of the prior termination record,[3] and (3) A.G. must be removed from the mother's care for one year before the State may pursue termination. But the mother provides no authority to support her claims. So we find she has waived them. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *In re Marriage of Oswalt-Weiler*, No. 18-1899, 2019 WL 3317345, at *2 (Iowa Ct. App. July 24, 2019) (finding the appellant waived his claim on inadmissible evidence by failing to provide any authority in support).

We find no grounds for reversal. And we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**

---

[3] We note the mother cites *In re J.E.*, No. 15-0187, 2016 WL 2753774 (Iowa Ct. App. May 11, 2016) in support of this claim. But we find this case is not relevant. *J.E.* held it was improper for the juvenile court to take judicial notice of a dissolution-of-marriage file without the agreement of the parties. *Id.* at *6–7. In this case, however, the juvenile court did not take judicial notice. So *J.E.* does not apply.